NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTERA MALDAN, : | |
| Plaintiff, : | Civil Action No. 13-6794 (SRC) |
| v. : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, : | |
| Defendant. : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Estera Maldan ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning August 1, 2009. A hearing was held before ALJ Michal Lissek (the "ALJ") on June 7, 2012, and the ALJ issued a decision on June 13, 2012, finding that Plaintiff was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the

Listings.  At step four, the ALJ found that, while Plaintiff did not retain the residual functional capacity to perform her past relevant work, Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations.  At step five, the ALJ consulted a vocational expert and concluded that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

     While an introductory paragraph in Plaintiff's brief argues that the record offers substantial evidence supporting a finding of disability, and that the ALJ's decision is not supported by substantial evidence, the brief does not further address or support those points.  Instead, Plaintiff's brief argues only that the ALJ's step three analysis was flawed and inadequate in a number of specific ways.  This Court need not address each alleged flaw because conspicuously absent from the brief is any statement of what Listing Plaintiff contends she meets or equals.  Plaintiff does not point to any evidence of record which, she contends, supports a different determination at step three.

     Plaintiff claims that the ALJ erred because she failed to consider every impairment, as well as the combined effect of Plaintiff's impairments.  Throughout the five step process, the ALJ is obligated to consider all of the alleged impairments individually and in combination. 42 U.S.C. § 423(d)(2)(B).  However, Plaintiff still bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

     Plaintiff argues that the ALJ did not properly consider her impairments separately or in

combination.  In the opinion, the ALJ devoted a page of discussion to the step three analysis. (Tr. 31.)  It is true that this page does not address the combined effects of Plaintiff's impairments.  In analyzing the evidence, however, the ALJ is not obligated to employ particular "magic words" (Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 959 (3d Cir. Jan. 20, 2006) (citing Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004))), or adhere to a particular format in explaining her decision.  Jones, 364 F.3d at 505.  The ALJ must only ensure "that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones, 364 F.3d at 505.

     Plaintiff fails to explain how the step three analysis might have been performed differently so as to make a material difference in the disability determination.  This Court is not persuaded that the step three analysis was inadequate but, even if it was defective, given that Plaintiff has made no case on appeal that she met her burden of proof at step three, such defects could not be more than harmless error.  As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

     The Supreme Court explained the operation of the harmless error doctrine in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.  In the instant case, Plaintiff has not even attempted to show how the ALJ's alleged errors were harmful to her. Plaintiff has not carried her burden, on review, of showing that she was prejudiced by any of the alleged errors in the step three analysis.

3

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


                                                              s/ Stanley R. Chesler
                                                          STANLEY R. CHESLER, U.S.D.J.

Dated: December 15, 2014